**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| A. N. S.,[1] | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-25-374-HE** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
|       **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial by the Social Security Administration ("SSA") of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proposed findings and recommendations consistent with 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3), and Federal Rule of Civil Procedure 72(b). The Commissioner has filed the Administrative Record ("AR"), Doc. 7, and both parties have briefed their positions, Docs. 10, 14, 15.[2]  For the reasons set forth below, the undersigned recommends that the Court reverse the Commissioner's decision and remand for further administrative proceedings.

---

[1] The undersigned refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Citations to the parties' briefs reference the Court's ECF pagination.  Citations to the AR reference the document's original pagination.

I.      **Procedural Background**

Initially and on reconsideration, the SSA denied Plaintiff's application for DIB and SSI.  On June 20, 2024, an Administrative Law Judge ("ALJ") issued an unfavorable decision finding Plaintiff not disabled and, therefore, not entitled to DIB or SSI.  AR 83-95.  The Appeals Council denied Plaintiff's request for review.  AR 1-7.  Accordingly, the ALJ's decision constitutes the Commissioner's final decision.

II.     **The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process required by agency regulations.  *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process); *see also* 20 C.F.R. §§ 404.1520, 416.920 (same).  The ALJ first determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2028, and had not engaged in substantial gainful activity since her amended alleged onset date of October 31, 2021.  AR 85-86.  At step two, the ALJ determined Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, scoliosis, allergy induced asthma, unspecified anxiety disorder, and major depressive disorder.  AR 86.  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.  AR 86-88.

The ALJ next determined Plaintiff's residual functional capacity ("RFC").  AR 88-93.  Then, at steps four and five, the ALJ relied on a vocational expert's testimony.  At step four, the ALJ determined Plaintiff is unable to perform any past relevant work.  AR 93-94.  Moving on to the final step, the ALJ found Plaintiff can perform other work existing in

2

significant numbers in the national economy.  AR 94-95.  Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act.  AR 95.

### III.     Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020).  Under such review, "common sense, not technical perfection, is [the Court's] guide."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

In reviewing the agency's factual findings, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency," *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015), but instead it "looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 103 (citation modified).  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Noreja*, 952 F.3d at 1178 (citation modified).  In addition to a lack of substantial evidence, "the agency's failure to apply the correct legal standards, or show [the Court] that it has done so, is also grounds for reversal."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

## IV.    Analysis

Plaintiff challenges the Commissioner's denial of benefits on several grounds:

1.    Certain medical opinions do not provide substantial evidence to support the ALJ's RFC determination;

2.    The ALJ erred in her evaluation of Plaintiff's complaints of subjective symptoms; and

3.    The ALJ failed to sustain her burden at step five of the sequential evaluation process.

Doc. 10 at 3-14.  The undersigned finds the Commissioner's decision should be reversed due to the ALJ's flawed evaluation of Plaintiff's symptoms.

### A.    Evaluation of subjective symptoms

### 1.    Plaintiff's statements regarding her symptoms

In considering Plaintiff's allegations of pain and other subjective symptoms, the ALJ summarized Plaintiff's "testimony and subjective complaints" as follows:

> She cannot lift more than 10 pounds.  The claimant cannot lift her daughter. The claimant cannot bend or sit or stand for prolonged periods.  The claimant can sit for about 45 minutes at a time and stand for about 10 to 15 minutes. The claimant has neck pain which is made worse with turning her head in both directions.   The claimant has sleep disturbance.   The claimant experiences headaches two to three times per month.

AR 88-89.  The ALJ summarized Plaintiff's two Adult Function Reports as follows:

> The claimant completes daily living activities with the help of her boyfriend. She has trouble dressing because she cannot bend over.  Walking outdoors triggers her allergies.  The claimant can drive.  The claimant wears a neck brace to go to work.  She shops for groceries and can manage personal finances.  She usually becomes overwhelmed in stressful situations.  The claimant has social anxiety which lead[s] to panic attacks.  The claimant has a hard time leaving her house.

4

AR 89 (citing AR 385-92, 465-72).  The ALJ also noted Plaintiff's boyfriend's Third-Party

Function Report, observing that he "reported that the claimant is impaired by back pain

and depression."  AR 89; *see also* AR 377-84 (Third-Party Function Report).

The ALJ then concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

AR 89.

### 2.     Standards for evaluating symptoms

When a claimant alleges pain or other subjective symptoms, an ALJ must first

determine whether the claimant established a pain-producing impairment by objective

medical evidence.  *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).  If so, the ALJ must

then consider whether the impairment could be reasonably expected to produce the alleged

pain.  *Id.*  At this stage, the ALJ "takes the subjective allegations of pain as true in

determining whether they are reasonably related to the proven impairment," and evaluates

whether there is a "loose nexus between the proven impairment and the pain alleged."  *Id.*

at 163-64.[3]  If so, the ALJ "must then consider all the evidence presented" to decide

"whether he believes the claimant's assertions of severe pain."  *Id.* at 163; *see also*

_____

[3] "For example, an impairment that would be expected to cause pain in the lower extrem[i]ties would not be reasonably expected to produce disabling pain in the upper body."  *Luna*, 834 F.2d at 164.

*Brownrigg v. Berryhill*, 688 F. App'x 542, 545 (10th Cir. 2017) (setting forth the process).[4]

This evaluation requires consideration of both objective and subjective evidence.

In considering a claimant's statements about the intensity, persistence, and limiting effects of symptoms, the ALJ may not reject an allegation of disabling pain on the basis of objective medical evidence alone. "The absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, but a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations." *Luna*, 834 F.2d at 165 (citation modified). "By requiring consideration of evidence other than objective medical data, Congress recognized that the severity of pain is inherently subjective." *Id.*; *accord Huston v. Bowen*, 838 F.2d 1125, 1130 (10th Cir. 1988) (explaining that once a claimant has established a medically determinable impairment that can cause pain, "a determination of no disability cannot be made without a full evaluation of all subjective and objective evidence of pain"); SSR 16-3p, 2017 WL 5180304, at *5 ("[The SSA] will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related

---

[4] This evaluation was previously termed "credibility" analysis and is now termed "consistency" analysis. *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017) (superseding SSR 96-7p). In practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg*, 688 F. App'x at 545-46 (finding SSR 16-3p was consistent with the prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

symptoms alleged by the individual."); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (substantially the same).

Instead, the ALJ is required to consider relevant subjective evidence as well as relevant objective evidence. *Luna*, 834 F.2d at 164 ("If an impairment is reasonably expected to produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." (citation modified)). Indeed, if the ALJ "cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence," then she must "carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p, 2017 WL 5180304, at * 6.

Such other evidence includes "statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms," as well as the following factors:

1.  daily activities;

2.  the location, duration, frequency, and intensity of pain or other symptoms;

3.  precipitating and aggravating factors;

4.  the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms;

5.  treatment, other than medication, received for relief of pain or other symptoms;

6.  any measures other than treatment used to relieve pain or other symptoms; and

7.      other factors concerning functional limitations and restrictions due to pain or other symptoms.

*Id.* at *6-8; *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing factors); *Brownrigg*, 688 F. App'x at 545-46 (noting factors in the *Luna* analysis are "similar" to those listed in SSR 16-3p).

### 3.      The ALJ's consideration of the evidence

Because the ALJ found medically determinable impairments that could reasonably be expected to produce Plaintiff's alleged pain, she was required to determine the consistency between all of the evidence and Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms.  *See* AR 89 (finding Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record").

#### a.      Objective evidence

In explaining her determination that Plaintiff's statements of symptoms were not consistent with the medical and other evidence, the ALJ summarized the objective medical evidence.  AR 89-93; *see* SSR 16-3p, 2017 WL 5180304, at *5 ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record.").  As to Plaintiff's back pain, the ALJ's summary includes descriptions of Plaintiff's reports of pain; imaging showing abnormalities; results of physical examinations showing pain, tenderness, and limited range of motion; pain management efforts that

"eventually" provided "some benefit"; physical therapy that provided "mild [but not] lasting benefit"; pain relief resulting from resting or reducing her activity level; results of physical examinations showing normal muscle strength; a normal nerve conduction study; and imaging described as "unremarkable." AR 89-90. In reference to Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, the ALJ found that "while the claimant endorsed persistent back pain, there were few objective signs and laboratory tests that would support the level of pain the claimant alleged. Imaging studies of the lumbar spine revealed mild abnormalities, and a cervical spine X-ray revealed no acute findings." AR 91-92 (citation modified).

Plaintiff challenges the ALJ's reliance on these images. Doc. 10 at 7-10. The undersigned finds it unnecessary to address this challenge, however, because (1) the ALJ under these circumstances may not reject Plaintiff's allegation of disabling pain based on objective medical evidence alone, and (2) the ALJ's evaluation of the subjective evidence was flawed.

### b.    Subjective evidence

"Before finding that a claimant experiencing pain from a medically determinable impairment is not disabled, an ALJ must carefully consider all the relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings." *Huston*, 838 F.2d at 1133. As the ALJ could not make a disability determination based solely on objective medical evidence, the undersigned looks to whether she carefully considered other evidence in the record before disregarding Plaintiff's statements about the intensity, persistence, and limiting effects of symptoms—and finds she did not.

### i.    Conclusory statement

In purporting to consider the subjective evidence in the record, the ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms to be "inconsistent." AR 91. But nowhere in the decision did the ALJ point to any inconsistencies in Plaintiff's statements regarding her symptoms. As such, this is an unsupported and conclusory statement, which is not sufficient to fulfill the ALJ's responsibilities in evaluating Plaintiff's complaints of disabling pain. *See, e.g., Huston*, 838 F.2d at 1133 ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (citation modified)); *Brownrigg*, 688 F. App'x at 546 (remanding when the ALJ's evaluation of the claimant's pain was flawed, in part because it was not consistent with SSR 16-3p, "which emphasizes the insufficiency of conclusory statements," and in part because the ALJ did not "sufficiently articulate his reasoning").

### ii.    Mischaracterization of the evidence

Additionally, elsewhere in the decision, the ALJ concluded "the medical evidence shows the claimant has degenerative disc disease of the lumbar spine, scoliosis, allergy induced asthma, unspecified anxiety disorder, and major depressive disorder. The record also shows the claimant actively raises two children and works at a part-time job. A preponderance of the evidence supports the residual functional capacity assigned herein." AR 93. While a claimant's daily activities are one of the several factors an ALJ should consider in reaching a conclusion about the intensity, persistence, and limiting effects of the claimant's symptoms, that is the only factor the ALJ discussed. *See generally* AR 89-

10

93.  And Plaintiff takes issue with the ALJ's reliance on her ability to raise her children and work.  Doc. 10 at 10-12; Doc. 15 at 6-7.  The undersigned agrees and finds the ALJ's evaluation of the evidence deficient.

With respect to raising her children, Plaintiff testified that she receives significant assistance from her parents (who she often stays with because of the help they provide), her son's father (who takes her son to school several days a week), her daughter's father (who until shortly before the hearing lived with her, was unemployed, and home during the day providing care for the children), and her ex-boyfriend's father (who babysits both children).  AR 161-62, 166-67.  Plaintiff further testified that she is her daughter's primary caregiver "maybe two or three times during the week by myself for a little while," and the remainder of the time her daughter is with her daughter's father or his father.  AR 172.  The ALJ's description of Plaintiff "actively rais[ing] two children" is misleading as it fails to acknowledge Plaintiff's testimony about the substantial assistance she receives in doing so.

Additionally, Plaintiff testified that she works only five to ten hours per week.  AR 165, 172.  The ALJ recognized that Plaintiff's low levels of income did not qualify as substantial gainful activity, AR 85, but did not explain how working five to ten hours per week supports a finding that Plaintiff is not disabled.  Accordingly, the ALJ's description of Plaintiff working a part-time job is also misleading.

Plaintiff's activities are relevant to an analysis of her statements regarding the intensity, persistence, and limiting effects of her subjective symptoms.  SSR 16-3p, 2017 WL 5180304, at * 7; 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).  However, because the ALJ's description of Plaintiff's activities was misleading, her reliance on those

11

mischaracterized activities does not support her finding that Plaintiff's statements about her symptoms were "not entirely consistent with the . . . other evidence in the record." AR 89.  *See Krauser v. Astrue*, 638 F.3d 1324, 1332-33 (10th Cir. 2011) (discussing necessity of looking at the claimant's actual activities and stating "sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity" (citation modified)); *Sitsler v. Astrue*, 410 F. App'x 112, 117 (10th Cir. 2011) ("In contrast, the ALJ's findings regarding [the claimant's] activities included none of these limitations.  We have criticized this form of selective and misleading evidentiary review, holding that an ALJ cannot use mischaracterizations of a claimant's activities to discredit his claims of disabling limitations."); *Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987) (finding the claimant's lifestyle consisting of limited and sporadic activities "does not contradict a claim of disabling pain" and the ALJ's citation of such daily activities did not provide substantial evidence refuting the claimant's claims of pain); *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (finding an "ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain").

### 4.    Conclusion

The undersigned is mindful that determinations regarding a claimant's statements of subjective symptoms "are peculiarly the province of the finder of fact" and a court may not "upset such determinations when supported by substantial evidence." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (citation modified).  However, here the ALJ failed to consider properly the subjective evidence relating to the intensity, persistence, and limiting

effects of Plaintiff's symptoms. The ALJ's determination that Plaintiff's statements of symptoms were "not entirely consistent with the medical evidence," AR 89, was, by itself, insufficient to disregard those statements. *See* SSR 16-3p, 2017 WL 5180304, at *5 (explaining the SSA will not disregard statements of symptoms solely based on objective medical evidence). And the ALJ failed to "carefully consider other evidence in the record," *id.* at *6, including Plaintiff's activities and any other regulatory factors.

"Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston*, 838 F.2d at 1133. Yet, here, the ALJ relied on a conclusory statement and mischaracterization of Plaintiff's activities, neither of which can support the finding that Plaintiff's statements concerning her symptoms were "not entirely consistent with the . . . other evidence in the record." AR 89. "A decision not supported by substantial evidence must be reversed." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation modified). Accordingly, the Commissioner's decision should be reversed and remanded. *See Sitsler,* 410 F. App'x at 118 (reversing because, "although we will not upset an ALJ's credibility determination that is closely and affirmatively linked to substantial evidence, here the ALJ's analysis was flawed" in part "by his reliance on mischaracterizations of the evidence" (citation modified)); *Winfrey v. Chater,* 92 F.3d 1017, 1021 (10th Cir. 1996) (reversing in part because "the ALJ's evaluation of plaintiff's subjective complaints was flawed"); *Nicholas E. v. Bisignano*, No. CIV-24-1079-ALM, 2025 WL 2412339, at *5 (W.D. Okla. Aug. 20, 2025) (reversing when, *inter alia*, the ALJ mischaracterized the evidence regarding the plaintiff's part-time work and daily activities).

13

### B.    Plaintiff's remaining claims of error

Because the issue discussed above warrants remand, the undersigned does not address Plaintiff's other claims of error.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### V.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **REVERSE** and **REMAND** the Commissioner's decision for further administrative proceedings.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than April 13, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of March, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

14